**CHUN MEI CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–3396–ag.

United States Court of Appeals, Second Circuit.

Aug. 15, 2006.

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Glenn T. Suddaby, U.S. Atty. for the Northern District of New York, Elizabeth C. Coombe, Asst. U.S. Atty., Albany, NY, for Respondent.

Present: WILFRED FEINBERG, JON O. NEWMAN and CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Chun Mei Chen (A 96 266 559) petitions for review of the BIA's June 2005 decision in which the BIA dismissed Chen's appeal from Immigration Judge ("IJ") Michael W. Straus's order denying Chen's applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the sub-

stantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, the IJ concluded, and the BIA affirmed, that Chen's testimony was internally inconsistent regarding the birth of her first son and whether or not she returned home to Fujian Province to deliver him. Specifically, the IJ found inconsistent the fact that, when he questioned Chen, she denied that she had returned to her hometown in Fujian Province from August 1995 through August 1997. However, according to her earlier testimony and her son's birth certificate, she gave birth to her son in Fujian, the same place where she allegedly was forced to have an abortion. Not only did Chen testify inconsistently with her previous testimony and corroborating evidence, the IJ also reasonably found it improbable she would want to return to Fujian after she had allegedly been forced to have an abortion, and was allegedly sought by authorities there. Furthermore, the IJ elicited lengthy explanations from Chen regarding this inconsistency, and the explanations given were inconsistent themselves. The IJ certainly was not compelled to credit Chen's expla-

nation here. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Next, the IJ relied on the 1998 State Department Profile of Asylum Claims and Country Conditions for China, specifically the caveats it included about family-planning-based claims from Fujian Province. Although this Court has cautioned that the immigration court should be careful not to place excessive reliance on published reports of the Department of State, *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), the weight to afford to such evidence lies largely within the discretion of the IJ. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006). The IJ here did not treat the country report as if it were "binding," nor did he place "excessive reliance" on that report, particularly in light of his determination that Chen's testimony was otherwise lacking in credibility. *Cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 402–04 (2d Cir.2005) (remanding to BIA because reliance on report produced by State Department was error, inasmuch as the IJ failed to consider any contrary or countervailing evidence provided by the applicant, and every other ground for the IJ's adverse credibility finding was erroneous).

The BIA emphasized that the IJ observed the difference in Chen's demeanor when questioned about the relationship with her mother-in-law and when questioned about her alleged forced abortion. We afford the factfinder's assessment of demeanor particular deference because the IJ is in the best position to evaluate whether problems in an applicant's testimony are attributable to lack of credibility or other, more innocent factors. *See Majidi,* 430 F.3d at 81 n. 1; *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

In addition to Chen's inability to prove past persecution, Chen also failed to establish that she has a well-founded fear of

persecution upon her return because she has an American-born child. As Chen presented no evidence to show the likelihood that a person in his situation would be subject to persecution if he returned to China with children born in the United States, her claim is speculative, and the IJ reasonably found that she failed to meet the standard for a well-founded fear of persecution. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Having failed to establish an objectively reasonable fear of persecution, Chen necessarily failed to establish a clear probability that her life or freedom would be threatened. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, the IJ properly rejected Chen's CAT claim, as there was no evidence in the record to warrant a finding that Chen was more likely than not to be tortured in China. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).